IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EVANSTON INSURANCE COMPANY,               :
                                          :
            Plaintiff,                    :
                                          :
    v.                                    :   Civil Action No. 08-286-JJF
                                          :
LAYNE THOMAS BUILDERS, INC.,              :
                                          :
            Defendant.                    :

Robert L Ciociola, Esquire of LITCHFIELD CAVO, Lynnfield, Massachusetts.
Kevin F. Brady, Esquire and Josiah R. Wolcott, Esquire of CONNOLLY BOVE LODGE & HUTZ, Wilmington, Delaware.

Attorneys for Plaintiff.

James W. Semple, Esquire and David J. Soldo, Esquire of MORRIS JAMES, Wilmington, Delaware.

Attorneys for Defendant.

**MEMORANDUM OPINION**

July 20, 2009
Wilmington, Delaware.

**Farnan, District Judge.**

Pending before the Court is Defendant's Motion To Dismiss, Or To Stay (D.I. 9.) this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, pending resolution of an underlying tort action pending in the Court of Common Pleas of the Commonwealth of Pennsylvania. For the reasons discussed below, the Court will deny Defendant's Motion as it pertains to Plaintiff's claim based on the duty to defend and grant Defendant's Motion as it pertains to Plaintiff's claim based on the duty to indemnify.

## BACKGROUND

Plaintiff, Evanston Insurance Company ("Evanston Insurance"), brought the instant action pursuant to 28 U.S.C. §§ 2201 and 2202 requesting declaratory judgment against Defendant, Layne Thomas Builders, Inc. ("Layne Thomas Builders"). Evanston Insurance is an insurance company incorporated in Illinois with its principal place of business in Virginia. Layne Thomas Builders is a construction company incorporated in Delaware with its principal place of business in Delaware.

Evanston Insurance issued Layne Thomas Builders a policy of Commercial General Liability insurance (the "Policy") for the period of October 1, 2006 to October 1, 2007, and this action involves the interpretation of certain exclusions in the Policy. The parties' dispute over the Policy language arises out of a

1

lawsuit filed by DeVair DaSilva against Layne Thomas Builders, in the Court of Common Pleas for the Commonwealth of Pennsylvania (the "Underlying State Action").

The Underlying State Action can be summarized as follows. Mr. DaSilva is a house framer who was working jointly with Layne Thomas Builders on a construction project known as Meridian of Valley Square in Warrington, Pennsylvania. Mr. DaSilva was employed by subcontractor JC Oliveria Construction, Inc. to perform the framing work on the project. Layne Thomas Builders was also a subcontractor on the Meridian of Valley Square project, but was not the employer of Mr. DaSilva. During the course of his work, Mr. DaSilva fell from the balcony of a home under construction and suffered severe injuries rendering him a paraplegic. Mr. DaSilva filed suit in the Court of Common Pleas for the Commonwealth of Pennsylvania on November 20, 2007, alleging twenty-nine counts of negligence against Layne Thomas Builders, in addition to negligence counts against the landowner of Meridian of Valley Square and the general contractor of the project. In addition to these claims, Mr. DaSilva's wife alleged a cause of action for loss of consortium.

Prior to the initiation of the Underlying State Action, Evanston Insurance sent a letter to Layne Thomas Builders disclaiming coverage for Mr. DaSilva's accident based on certain exclusions in the Policy. However, after Mr. DaSilva filed suit,

Evanston Insurance agreed to defend Layne Thomas Builders in the Underlying State Action under a reservation of rights. Evanston Insurance then brought this action seeking declaratory judgment that it does not owe Layne Thomas Builders a duty to defend or a duty to indemnify in the Underlying State Action based on certain exclusions in the Policy.

## PARTIES' CONTENTIONS

In support of its Motion To Dismiss, Or To Stay, Layne Thomas Builders focuses on Evanston Insurance's duty to indemnify and contends that declaratory judgment on the indemnification claim is not ripe until the resolution of the Underlying State Action because the duty to indemnify only arises after a finding of liability. According to Layne Thomas Builders, resolving the indemnification issue first can create a conflict between the insured's duty to defend and its interest in avoiding coverage, and therefore, a stay or dismissal of this action is appropriate.

In the alternative, Layne Thomas Builders invokes the Court's broad discretionary power under the Declaratory Judgment Act to dismiss or stay this action pending the adjudication of the Underlying State Action. Layne Thomas Builders contends that dismissing this action and allowing Evanston Insurance to re-file in Pennsylvania state court will "promote efficiency, conserve judicial resources, and save the parties' time and expense" by allowing the court to develop a "coordinated schedule of

discovery and briefing" for issues that are essentially overlapping. (D.I. 10 at 7.)

With respect to a stay in particular, Layne Thomas Builders contends that Evanston Insurance will not be unduly prejudiced if this action is stayed because it is currently defending the Underlying State Action under a reservation of rights. In contrast, Layne Thomas Builders contends that it will suffer "significant prejudice if required to defend" this action because it will face substantial expenses and efforts in litigating this action, while the same discovery will necessarily be needed for the Underlying State Action. According to Layne Thomas Builders, "[c]ontinuing this action before any discovery has been conducted in the Underlying [State] Action shifts a heavy burden on [Layne Thomas Builders] to conduct duplicative litigation." (D.I. 10 at 11-12.)

In response, and focusing on its duty to defend, Evanston Insurance points out that courts regularly exercise their discretion to decide declaratory judgment actions while underlying tort actions are pending. Specifically, Evanston Insurance contends that the substantive test for determining whether an insurer has a duty to defend is distinct and separate from any of the tort issues relevant to the Underlying State Action. According to Evanston Insurance, the most effective way to prevent duplication of the parties' resources is to settle the

5

question of whether Evanston Insurance has a duty to defend in the first instance.

## STANDARD OF REVIEW

Rule 12(b)(1) authorizes the Court to dismiss a complaint for lack of subject matter jurisdiction. Motions brought under Rule 12(b)(1) may present either a facial challenge or a factual challenge to the Court's subject matter jurisdiction. Layne Thomas Builders argues for dismissal of this action because, *inter alia*, it is not ripe. Courts have considered a challenge to the ripeness of a claim to be a facial challenge to subject matter jurisdiction. See, e.g., Thompson v. Borough of Munhall, 44 Fed. Appx. 582, 583 (3d Cir. 2002); Corporate Aviation Concepts, Inc. v. Multi-Service Aviation Corp., No. 03-3020, 2005 WL 1693931, *2 n. 6 (E.D. Pa. July 19, 2005).

In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the Court must accept all factual allegations in the complaint as true and draw all reasonable inference must be drawn in favor of the plaintiff. NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir. 2001). The Court's inquiry under Rule 12(b)(1) is limited to the allegations in the complaint, the documents referenced in or attached to the complaint, and matters of the public record. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

**DISCUSSION**

As a general matter, the Court recognizes that under Delaware law the duty to defend is separate and distinct from the duty to indemnify. See Charles E. Brohawn & Bros., Inc. v. Employers Commercial Union Ins. Co., 409 A.2d 1055, 1058 (Del. 1979). In addition, the Court has previously recognized that under Delaware law the duty to defend is broader than the duty to indemnify. Hartford Fire Ins. Co. v. Interdigital Commc'ns Corp., 464 F. Supp. 2d 375, 378 (D. Del. 2006). Thus, if a plaintiff has no duty to defend, it will also have no duty to indemnify. Although Evanston Insurance did not separate these distinct issues in its Complaint, it recognized that these issues are separate and distinct in its Opposition to Layne Thomas Builders' Motion. (D.I. 13 at 10.) Accordingly, the Court will treat the two issues as separate claims for purposes of determining ripeness, and if ripe, whether to exercise the Court's discretion under the Declaratory Judgment Act.

**I.   WHETHER THE CLAIMS IN THIS DECLARATORY JUDGMENT ACTION ARE RIPE FOR ADJUDICATION**

**A.   Applicable Legal Principles**

The issue of ripeness is of particular concern in declaratory judgment actions between an insurer and an insured where, as here, an underlying tort action is simultaneously pending. See 16 Couch on Insurance 3d § 227:37 (2000). Only

7

when a court determines that an action is ripe for judicial review, will the action survive a motion to dismiss, as the issue of ripeness goes directly to the court's jurisdiction. In determining whether an action is ripe for adjudication, courts within the Third Circuit consider three factors: (1) the adversity of the parties' interests; (2) the probable conclusiveness of a judgment; and (3) the practical utility of judgment to the parties. Step-Saver Data Sys., Inc. v Wyse Tech., 912 F.2d 643, 647 (3d Cir. 1990).

### B. Whether Evanston Insurance's Request For A Declaration That It Has No Duty To Defend Is Ripe

In general, in the context of a declaratory judgment action, an insurer's duty to defend an insured in an underlying action is ripe. See Step-Saver, 912 F.2d at 650(explaining that the issue of "the insurers duty to defend was ripe even though liability had not been definitely established in the underlying suits"); The Home Ins. Co. v. Powell, No. 95-6305, 1996 WL 269496 at *5 (E.D. Pa. May 20, 1996)(recognizing that the Third Circuit holds that "a controversy regarding the duty of an insurer to defend is ripe for declaratory judgment purposes even if liability has not been established in the underlying suit"); 16 Couch on Insurance 3d § 227:29 (citing numerous authority holding that "whether an insurer has a duty to defend a suit against its insured is generally considered a controversy ripe for declaratory relief"). Layne Thomas Builders makes no contrary argument here, and

consistent with the Third Circuit's decision in Step-Saver, the Court concludes that Evanston Insurance's request for declaratory judgment on its duty to defend is ripe for adjudication.

### C. Whether Evanston Insurance's Request For A Declaration That It Has No Duty to Indemnify Is Ripe

As a general matter, courts refrain from adjudicating whether an insurer has duty to indemnify the insured until after the insured is found liable for damages in an underlying action. See 16 Couch on Insurance 3d § 227:38 ("There is considerable authority that [declaratory judgments] must generally await the resolution of the underlying tort case . . . ."). This general proposition rests on the reasoning that while an underlying action is pending, the issue of indemnification is not yet a controversy between the parties, and thus, does not meet the Constitutional requirement that federal courts may only adjudicate actual cases or controversies. U.S. Const. art. III, § 2. In Step-Saver, the Third Circuit recognized these principles and promulgated the three prong test for determining ripeness in a declaratory judgment action.

In applying the Step-Saver test to the circumstances of this case, the Court concludes that Evanston Insurance's claim for a declaratory judgment concerning its duty to indemnify Layne Thomas Builders is not presently ripe for adjudication. Under the first prong of the Step-Saver test, the parties' interests are considered adverse when actual harm will result if the

9

declaratory judgment is not granted. <u>Step-Saver</u>, 912 F.2d at 647-48. Here, the parties' interests are not yet adverse because the ultimate financial liability of Layne Thomas Builders, if any, in the Underlying State Action has not been determined. <u>See Home Ins. Co. v. Perlberger</u>, 900 F. Supp. 768, 773 (E.D. Pa. 1995) (holding that the "adversity of the parties' interests as to the duty to indemnify will not be complete until after the resolution of the [underlying] action, when it will be clear whether [the insured] can assert a claim for indemnity from [his insurer]").

In addition, the Court cannot conclude, under the second prong of the <u>Step-Saver</u> test, that a declaratory judgment on indemnification would be conclusive. The issue of indemnification depends on coverage issues which are necessarily intertwined with the facts from the Underlying State Action. Therefore, a ruling on the duty to indemnify before the resolution of the Underlying State Action may result in inconsistent and duplicative litigation, a result discordant with the conclusiveness prong of the <u>Step-Saver</u> test.

Further, the risk of duplicative and inconsistent litigation undermines the practical utility of a judgment to the parties at this time, the third consideration under the <u>Step-Saver</u> test. Accordingly, the Court concludes that Evanston Insurance's claim that it has no duty to indemnify Layne Thomas Builders is not

ripe for adjudication, and therefore, the Court will grant Layne Thomas Builders' Motion To Dismiss with respect to this claim.

## II. WHETHER THE COURT SHOULD EXERCISE ITS DISCRETION TO DECLINE TO EXERCISE JURISDICTION OVER EVANSTON INSURANCE'S REQUEST FOR DECLARATORY JUDGMENT

### A. Applicable Legal Principles

The Declaratory Judgment Act[1] has been described as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995). As such, a district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgement. Id. at 228. In determining whether to exercise their discretion, courts in the Third Circuit consider several factors: (1) whether the state court is better able to settle the controversy; (2) whether the state court can adjudicate all the claims of the parties; (3) whether necessary parties have been joined and whether such parties are amenable to process in the state proceeding; (4) the likelihood that a federal court declaration will resolve the

---

[1] The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (1993).

uncertainty of the obligation; (5) the convenience of the parties; (6) the public interest in settlement of the uncertainty of the obligation; and (7) the availability and relative convenience of other remedies.  <u>Terra Nova Ins. Co. v. 900 Bar, Inc.</u>, 877 F.2d 1213, 1222-23 (3d Cir. 1989).

      **B.    Whether The Court Should Exercise Its Discretion To Adjudicate Evanston Insurance's Request For Declaration That It Has No Duty to Defend**

Having concluded that Evanston Insurance's request for declaratory judgment on its duty to defend is ripe for adjudication, the Court must now, guided by the factors promulgated in <u>Terra Nova</u>, decide whether to exercise jurisdiction over the request.  The first three factors outlined by the Third Circuit in <u>Terra Nova</u> are derived from the Supreme Court's decision in <u>Brillhart v. Excess Ins. Co.</u>, 316 U.S. 491, 495 (1943).  Taken as a whole, these factors consider whether the state court forum of the underlying action is preferred over the federal court forum for the ultimate adjudication of the matter.  Generally, federal courts should refuse to exercise their discretion to hear declaratory judgment actions turning solely on state law.  <u>See</u> <u>State Auto Ins. Cos. v. Summy</u>, 234 F.3d 131, 136 (3d Cir. 2001).

Layne Thomas Builders points out that the Underlying State Action involves an application of Pennsylvania construction law. However, this action, which concerns the interpretation of an

insurance policy, is not governed by that substantive law.[2] More importantly, the facts of the Underlying State Action are not necessary to adjudicate this claim, and therefore, the Court is not concerned with duplicative litigation insofar as the duty to defend is concerned. Indeed, resolution of the duty to defend involves only an examination of the Policy language and the allegations of the Complaint in the Underlying State Action to determine if the claims fall withing the purview of the coverage provided for in the Policy. Cont'l Cas. Co. v. Alexis I. du Pont Sch. Dist., 317 A.2d 101, 104 (Del. 1974) (applying the "eight corner" test to determine if an insured has a duty to defend, and explaining that "[t]he Test is whether the allegations of the [underlying] complaint allege a risk within the coverage of the policy."). Because the Court has before it all the documents necessary for adjudication of the duty to defend, the Court is unpersuaded that the potential for coordinated discovery through the consolidation of the Underlying State Action with this action, re-filed in Pennsylvania, is sufficient to warrant dismissal of this action. Accordingly, the Court cannot conclude that the Pennsylvania state court is the preferred forum for adjudication of this matter. Hence, the Court concludes that the

---

[2] Evanston Insurance points to the substantive law of the State of Delaware. Regardless, the substantive law applicable to the duty to defend is the same in both Delaware and Pennsylvania.

Brillhart factors weigh against the dismissal or stay of the duty to defend issue.

As to the additional factors outlined in Terra Nova, the Court likewise concludes that these factors weight against the dismissal or stay of this claim. Adjudicating whether Evanston Insurance has a duty to defend in the first instance would conclusively resolve Evanston Insurance's primary obligation to Layne Thomas Builders. Further, if the Court were to dismiss or stay this action, as Layne Thomas Builders requests, the result for both parties would be additional delays. The parties would either be required to await the resolution of the underlying litigation, or in the alternative, Evanston Insurance would re-file this action in the Pennsylvania state courts. In the Court's view, neither of these results eliminates the uncertainty the parties face, and neither promotes the convenience of the parties.

Layne Thomas Builders contends that it will be unduly prejudiced if this action proceeds, but the Court is not persuaded by Layne Thomas Builders' argument. Evanston Insurance continues to defend Layne Thomas Builders in the underlying litigation under a reservation of rights, and Layne Thomas Builders will be involved in the Underlying State Action regardless of whether Evanston Insurance continues its defense.

In sum, the Court is persuaded that the most economical use

of the resources of both parties and the courts involved in this litigation is to settle Evanston Insurance's duty to defend in the first instance. Therefore, the Court finds that the seven factors promulgated by Terra Nova favor the denial of Layne Thomas Builders' Motion, as it pertains to Evanston Insurance's duty to defend, and therefore, the Court will exercise its discretion to adjudicate Evanston Insurance's claim based on the duty to defend.[3]

## CONCLUSION

For the reasons discussed, Layne Thomas Builders' Motion To Dismiss Or Stay this action will be denied with respect to Evanston Insurance's request for declaratory judgment on its duty to defend in the Underlying State Action. However, Layne Thomas Builders' Motion To Dismiss will be granted with respect to Evanston Insurance's request for declaratory judgment on its duty to indemnify in the Underlying State Action.

An appropriate Order will be entered.

---

[3] Having previously concluded that the duty to indemnify is not ripe for adjudication, the Court need not discuss this claim within the context of the Terra Nova Factors. See Step-Saver, 912 F.2d at 647 ("The discretionary power to determine the rights of the parties [under the Declaratory Judgment Act] before injury has actually happened cannot be exercised unless there is a legitimate dispute between the parties.").

15