IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EVANSTON INSURANCE COMPANY,  :
:
        Plaintiff,  :
:
    v.  :  Civil Action No. 08-286-JJF
:
LAYNE THOMAS BUILDERS, INC.,  :
:
        Defendant.  :

Robert L. Ciociola, Esquire of LITCHFIELD CAVO, LLP of Lynnfield, Massachusetts.
Kevin F. Brady, Esquire and Josiah R. Wolcott, Esquire of CONNOLLY BOVE LODGE & HUTZ LLP of Wilmington, Delaware.

Attorneys for Plaintiff.

Defendant Layne Thomas Builders, Inc. Not Represented By Counsel.

**MEMORANDUM OPINION**

March 26, 2010
Wilmington, Delaware

**Farnan,** *[signature]* **District Judge.**

Presently before the Court is a Motion For Default Judgment (D.I. 22) filed by Plaintiff Evanston Insurance Company ("Evanston").

## I. Background

Evanston filed suit against Defendant Layne Thomas Builders, Inc. ("Layne Builders") on May 15, 2008. (D.I. 1.) The dispute stems from an insurance policy (the "Policy") issued by Evanston to Layne Builders with effective dates from October 1, 2006 to October 1, 2007. (Id. ¶¶ 1,6.) In November 2007, Devair DaSilva and his wife, Patricia Oliveira, brought a tort claim against Layne Thomas Builders in the Court of Common Pleas of Philadelphia County for the Commonwealth of Pennsylvania, captioned <u>DaSilva, et al. v. Layne Thomas Builders, Inc., et al.</u>, November Term 2007, No. 2442 (C.P. Philadelphia 2007)(the "Underlying Action"). (Id. ¶¶ 7-8.) By its Complaint, Evanston seeks a judgment declaring that it is not required to defend Layne Builders in the Underlying Action pursuant to the Policy.[1] (Id. ¶ 1.)

Counsel for Layne Builders filed a Motion To Withdraw, citing Layne Builder's failure to satisfy legal invoices. (D.I. 15.) On July 7, 2009, the Court granted the Motion To Withdraw, and

---

[1] Evanston also sought a judgment declaring that it was not required to indemnify Layne Builders in the Underlying Action pursuant to the Policy. On July 20, 2009, the Court granted in part Layne Builders' Motion To Dismiss Or To Stay (D.I. 9) as it pertained to Evanston's request for declaratory judgment on the duty to indemnify in the Underlying Action. (D.I. 21.)

instructed Layne Builders that it must be represented by counsel because a corporation may only appear in district court by representation of a licensed attorney. (D.I. 19.) Further, the Court ordered Layne Builders to obtain substitute counsel within thirty (30) days of the date of the Order, or face an entry of default judgment. (Id.) As a result of Layne Builder's failure to obtain substitute counsel, Evanston filed the present Motion For Default Judgment on August 25, 2009. By Memorandum Order dated December 9, 2009, the Court ordered that "Plaintiff shall submit its costs and fees within fifteen (15) days of the date of this Order with notice to the [] Defendant. Thereafter, if Defendant has not responded through counsel, a Judgment Order will be entered." (D.I. 28.) Evanston submitted a Bill of Costs on December 23, 2009. (D.I. 29.)

## II. Discussion

Entry of default judgment is a two-step process, and a default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure must be preceded by an entry of default under Rule 55(a). Fed. R. Civ. P. 55(a)-(b). Pursuant to Rule 55(a), the clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."

2

Fed. R. Civ. P. 55(a).[2]  The Third Circuit accords a broad interpretation to the phrase "or otherwise defend."  Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 917 (3d Cir. 1992). In the present action, the Court concludes that an entry of default is warranted.  Although Layne Builders previously filed a Motion To Dismiss Or Stay, it has nevertheless failed to "otherwise defend" in this action.  Despite the Court's July 7, 2009 Order granting the Motion To Withdraw and ordering Layne Builders to secure counsel within thirty days, approximately eight months have passed and it has not yet obtained representation.

If the relief sought against a party who has been defaulted is not for a "sum certain or a sum that can be made certain by computation," the party seeking default judgment must apply to the court for an entry of default judgment.  Fed. R. Civ. P. 55(b)(1)-(2).  Default judgments are generally disfavored in the Third Circuit.  Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008).  However, whether to enter default judgment is a matter within the discretion of the trial court.  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d. Cir. 1984).  "Three factors control whether a default judgment should be granted: (1) prejudice to the

---

[2] "Although the Rule refers only to the clerk's entry of default, it is undisputed that the court may impose a default as a sanction." Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 917 n.11 (3d Cir. 1992); see also Rhino Assocs., L.P. v. Berg Mfg. and Sales Corp., 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007)(entry of default by the district court).

3

plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

The Court will enter default judgment in favor of Evanston, and against Layne Builders. Evanston would suffer prejudice if default is denied. Because a corporation may only appear in federal court by representation of a licensed attorney, Rowland v. Ca. Men's Colony, 506 U.S. 194, 201-02 (1993), Evanston is unable to proceed against Layne Builders due to its refusal to secure counsel. Whether Layne Builders has a litigable defense is unclear, as no Answer has been filed in this action. In the Third Circuit, culpable conduct means actions "taken willfully or in bad faith." Chamberlain, 210 F.3d at 164 (citing Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983)). In the Court's view, Layne Builders' failure to secure counsel is willful, as it is in direct contravention of the Court's July 7, 2009 Order. Layne Builders was further put on notice of the consequences of its actions by the Court's December 9, 2009 Memorandum Order, as well as by service of Plaintiff's Motion For Default and Bill Of Costs (D.I. 24; D.I. 29, Ex. 3). Accordingly, an entry of default judgment is warranted.

An appropriate Order will be entered.